A will directed the division of the estate on the death of the son of testatrix, who had power to suspend such division. It contained no power of sale. The payment of annuities was specifically charged on real estate devised to the son, the income of which was more than sufficient to pay them. *Held*, that the personalty was exonerated from the payment of the annuities.

In the matter of the estate of Mary Ann Boury. Decree entered settling the estate.

Bergen & Prendergast, for administrator.
William H. Good, for objectors.

CHURCH, S. Under the will of the testatrix, several annuities were created for the benefit of persons who were strangers to her blood. It was specifically provided that these annuities should be chargeable upon the real estate devised to her son. Her estate at the time of her death consisted of a number of pieces of real estate situated in Baltimore, from which there was a net income of about $6,000 per year. She also possessed a dwelling on Columbia Heights, in Brooklyn, and personalty of the value of about $50,000. Upon the death of her son she provided that the property was to go to her grandchildren, to be distributed. She provided, likewise, that the real property on Columbia Heights, in Brooklyn, was to be maintained as a home for her son and grandchildren. There are but two of the annuities now living, and the total of the annuities to be paid to them amounts to the sum of $960. It also appears that the income from the Baltimore realty has increased to over $10,000 per year. No power of sale is contained in the will. The administrator contends that, by the provisions of the will in question, the payment of these annuities is expressly charged upon the Baltimore realty and that the personalty is exonerated from the payment of the same.

As in all cases where a will is the subject of construction, the primary object is to endeavor to arrive at the intent of the testator; and

the cases needing construction are those where the language is ambiguous and the question of intent can only be gathered from the implied expressions of the will, as a whole, taken in connection with the surrounding circumstances at the time of the testator's death. A consideration of this will, as a whole, certainly shows that, while the testatrix did not specifically so direct, it was her evident intention to exonerate the personalty from the charge of paying these annuities, because the provision directing division of the estate upon the death of her son and also the provisions giving him power of suspending such division could only be effected, provided there was no hindrance or incumbrance to prevent that act. And when, coupled with this, we have the fact that she specifically charged the payment of the annuities upon real estate, the income of which was sufficient to pay these annuities many times over, we have the intent of this woman as clearly established as if by express declaration she had exonerated the personalty from this charge. It is not reasonable, and I think that this woman never intended that the payment of annuities aggregating $960 per year should be the means of tying up an entire estate of over $250,000. That being so, the legal authority to permit such exoneration is unquestioned. Taylor v. Dodd, 58 N. Y. 335.

Let a decree be entered, therefore, settling the estate accordingly.

Decreed accordingly.